UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL FRAZIER                                                                                            PLAINTIFF

v.                                          No. 2:22-CV-2118

NURSE RYAN GOODWIN                                                                            DEFENDANT

## ORDER

The Court has received a report and recommendation ("R&R") (Doc. 43) from Chief United States Magistrate Judge Mark E. Ford. This is a 42 U.S.C. § 1983 case in which Plaintiff brings official and individual capacity claims against Defendant Ryan Goodwin. Plaintiff claims Mr. Goodwin denied him medical care while Plaintiff was a pretrial detainee in the Crawford County Detention Center. The Magistrate Judge recommends denying the motion for summary judgment (Doc. 27) filed by Mr. Goodwin in part because he provided no "actual pertinent medical records or affidavits from relevant medical personnel." (Doc. 43, p. 9). Mr. Goodwin filed objections (Doc. 44) to the R&R.

The Court has conducted a de novo review of those portions of the report and recommendation to which Mr. Goodwin has objected. *See* 28 U.S.C. § 636(b)(1)(C). In his objections, Mr. Goodwin submits some of the evidence that the Magistrate Judge said was missing. "Both statute and the Federal Rules provide that a district judge *may* receive further evidence when reviewing a magistrate judge's order." *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 799 (8th Cir. 2019) (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)). In *Heisler*, the court affirmed a district court's refusal to supplement the record when the plaintiff "belatedly tr[ied] to add evidence she should have introduced six months earlier." *Id.* The same reasoning applies here. Mr. Goodwin had every opportunity to present this evidence to the Magistrate Judge but chose not

1

to. Mr. Goodwin also offers no explanation as to why (1) this evidence was not presented to the magistrate judge, (2) he waited to take Plaintiff's deposition until four months after submitting his summary judgment motion, or (3) the evidence was not available before submitting the summary judgment motion. For those reasons, the Court will use its discretion to not consider the evidence because "it [is] under no obligation to permit a party to fix its own errors in compiling the summary judgment record." *Id.* The Court can address any issues concerning this new evidence at trial.

Mr. Goodwin's objections otherwise offer neither law nor fact requiring departure from the Magistrate Judge's findings, which otherwise contain no clear error. The report and recommendation is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that the motion for summary judgment (Doc. 27) filed by Defendant Ryan Goodwin is DENIED. Plaintiff's claim remains pending for trial. The Court will separately issue a final scheduling order.

IT IS SO ORDERED this 5th day of January, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE